Good morning. My name is Scott Pearson. I represent Blue Chip Financial, and may it please the Court. I thought perhaps I ought to start with the elephant in the room, which is there were a couple of filings yesterday that certainly took us by surprise. Would the panel like me to address those issues? Why are we here? Yeah, that's what we want to hear. Okay. Well, let me start with the background of how we got here, and then I'll answer. Well, is there currently a dispute? Yes, there is. And the dispute is over what? The dispute is that we have an order from a district court that invalidates the arbitration provision in the agreement that we use with every one of our customers across the entire country. And the same group of lawyers bringing this case are bringing a whole bunch of other cases all over the country. Well, that's an independent legal issue. The problem here is the effect of the district court order was to deny your motion to compel arbitration. Now there's nothing to compel arbitration of. The underlying claims, the complaint, has been dismissed under Rule 41, and it's with prejudice, so none of those claims can come back again. So it doesn't appear that we could give any relief that would affect the dispute here. So help me understand why this isn't moot. Okay, well, let me start with the factual premises of what Your Honor just said, which is, number one, it is not clear to me, first of all, the case below has not been dismissed to my knowledge. The ECF ---- Well, they filed a notice of ---- I understand. And so under Rule 41, I understand that you haven't served either an answer or a motion for summary judgment. So under 41A1A, that's automatic. It's dismissed. And they formulated it as dismissed with prejudice. I'd like to address that issue, Your Honor. All right. So, number one, the case is on appeal to the Ninth Circuit. There is a stay order in the district court. So the fact that the ECF system may have accepted the filing of a stipulation of dismissal, to which, by the way, we were not a party, does not necessarily mean ---- Literally, we received this motion at 5 p.m. yesterday, the day before oral argument. I have had very little time to look at this. We've had 13 hours. That includes time for sleeping, for getting here this morning, and all of that. Okay? So we have not had an opportunity to address those issues. Ordinarily, we're entitled to 10 days to respond to one of these motions, and I think we should get the 10 days and we should be able to fully brief it. So you might argue that with the stay in the district court, they had no authority to file anything. That's correct. That's correct. And in addition, we have a bunch of other arguments, and I'm happy to go through them today. If we do get to oral argument on the main appeal, I would like to ask for some additional time since these issues were not part of the main appeal, but we can obviously cross that bridge when we get to it. So there are a bunch of reasons why we think that there is still a live dispute here and a number of doctrines that apply. So first of all, the motion that was filed, which literally I read on my phone, okay, to be clear, I have not had time to evaluate these issues carefully, but the motion focuses on one of several exceptions to the mootness doctrine, and that exception is, you know, I'll call it the evades review doctrine. It's used, for example, in cases where, you know, you'll have a county jail issue where there are very short sentences and there's an issue in the jail and you can't get to an appellate review fast enough, right? And so there's a doctrine that even though the prisoner has already been released from jail and arguably there's no dispute anymore, the court will still hear those issues. Well, I think the doctrine is capable of repetition but evading review, but, I mean, it would have to, I think. And I agree with you that you should have the opportunity to respond to the motion, but their claims aren't capable of repetition. I don't agree with that, and I'd like to explain why. Okay. So first of all, the cases discussing that doctrine, and there are a ton of them, and again, we've had 13 hours since this thing was filed, say, and I'm now quoting from one of them, that there is a heavy burden of persuading the court that the challenge conduct cannot reasonably be expected to resume. And the case that I'll cite to you now, but there's a whole bunch of them, is McCormick v. Herzog. McCormick is M-C-C-O-R-M-A-C-K. It's 788 F3rd 1017 at 1024. That's a Ninth Circuit case from 2015. And in that case, there was an actual settlement agreement in front of the court indicating these things. At the moment, I've never seen whatever this release is that they claim in their motion was filed. There's no declaration attached unless I missed it on my phone. We have no reason to believe that necessarily any of these facts that they've represented to us are true. Yes, we know I got an ECF filing from the Western District of Washington indicating that that dismissal was filed. As I indicated, there's a question as to whether it's effective to actually dismiss the case or not, number one. Number two, in terms of there being, you know, this release that, by the way, we didn't negotiate that two former co-defendants of ours who we are in a big dispute with right now and who there will be a lot of litigation with in the future regarding these very issues because this is not just about this Titus case, which is a putative class action. There's a whole bunch of cases all over the country. There were mediations going on of all of those cases collectively. And what this is, and I'll get to this in a minute because this is a different issue, is there's a lot of gamesmanship going on trying to dismiss this appeal. The night before oral argument, I mean, I should have been preparing for oral argument. Instead, I'm reading cases about this doctrine. But they've not met their very heavy burden of establishing this morning that this case is necessarily moot because we don't know. I don't know what consideration was given for the release. I haven't seen the language of the release. I will tell you that I had a conversation with our mediator where he said, hey, I've got this MOU if you want to look at it. And I said, can I see it? And he said, oh, I have to ask the other parties, and they wouldn't show it to me. So, I mean, how is it that the case is moot when there's this release that allegedly is out there that I haven't seen, that hasn't been supplied to the court? To me, they've not met that burden. The case is potentially moot because this plaintiff says, I think it's a she, is no longer pursuing the claim, period. So why isn't it moot? Well, there are a bunch of reasons. I mean, there might be lots of fights between you and your co-defendants, but those aren't part of the issue in front of us. I'm still waiting to find out what it is that we still should be doing. Judge Ikuda wrote a decision last year called Fritch v. Swift Transportation Company. It's F-R-I-T-S-C-H. The site is 899 F3rd 785 at 791, 9th Circuit, 2018. And that decision quotes a bunch of other cases, and I'm not going to try to provide citations on the record. I mean, literally, I have my handwritten notes from, you know, reading PDFs that were e-mailed to me last night. But I want to read a couple of quotes from that case because there is the collateral consequence doctrine, which we think absolutely applies on all fours for this particular case for the reasons that I identified earlier. So the first part of the case says, a case is not moot so long as the parties have a concrete interest, however small, in the outcome of the litigation. And that's quoting the Supreme Court's decision in Campbell-Ewald, which I'm going to talk about in a minute because I think all the cases that led to Campbell-Ewald raise some very important public policy questions regarding this idea of trying to, you know, pull the rug out at the last minute like this for tactical reasons. And the case goes on to say, if a party can demonstrate that a lower court's decision, if allowed to stand, may have collateral consequences adverse to its interests, the party can avoid dismissal for mootness. And that is exactly the situation here. We have this terrible order from the district court that is completely wrong for the reasons that I'd like to get into, you know, if we can get to the merits. So opposing counsel says, under Bonner-Mall, we could vacate the district court opinion. Well, that's not what they said. They said at the very end of their brief, oh, and by the way, you know, that might, they might be entitled to this. So is that something that you potentially could do? Maybe. I mean, but there's no motion asking you to do that. We haven't asked to do it. The motion was filed at 5 o'clock yesterday. We haven't had a chance to file an opposition. I think at the moment, there's still a live order that's horrible for our company that invalidates our arbitration provision that says it's unenforceable for these crazy reasons that are completely wrong, and that order is still standing today. So we should have this appeal because perhaps that's a possible outcome. Perhaps instead of reversing the order, perhaps the panel ends up vacating the order. Now, that's not the decision that we would want, but that is a possible outcome, and that's a reason why this appeal is not moot. So the next issue is a public policy issue relating to gamesmanship and appeals because ordinarily there are no ambushes in the Ninth Circuit. That's limited to the trial court, but that's clearly what's happened today. There's a Supreme Court decision called Erie v. Papps A.M. Papps is P-A-P-apostrophe-S, capital A period, capital M period. It's 120 Supreme Court reporter, 1382 at 1390 to 91. It's from 2000, and I have a couple of quotes from that case I'd like to read. First, the court found that courts have an, and I'm quoting now, interest in preventing litigants from attempting to manipulate the court's jurisdiction to insulate a favorable decision for review. That's exactly what's going on here.  They have this favorable decision. We want it reviewed. We have a huge interest in getting that decision reviewed for a whole bunch of reasons, including that we're in the middle of, you know, fighting all these class actions all over the country with the same group of lawyers. And by the way, I would take the position that in class actions, in modern class action practice today, that plaintiffs' counsel are real parties and interest to those cases because the reality is  We never see them at mediations, et cetera. They cite YouTube, no, Turvey YouTube, where we indicate, as opposed to this collateral consequences doctrine, although we agree with this ProHoc v. J ruling, we say it has to, we conclude that an issue is moot when deciding it would have no effect within the confines of the case itself. So we're limited not to looking at the effect of this ruling on your other litigation, but just in the case, according to opposing counsel. What's your response? It's not the same situation, and the Tur case expressly carved out the collateral consequence doctrine. It refers to a case called Kirkland, which was a collateral consequence doctrine case, and says we're not ruling on that situation at all. What happened in Tur was the plaintiff brought a case, the defendant moved for summary judgment, the summary judgment motion was denied, and then the plaintiff dismisses the case, and the court said expressly in the Tur decision that essentially there was no change in circumstances as a result of all of that, because everyone was back to the same situation they would have been in had the case never been filed, but distinguished the Kirkland case, which the facts of that case are a little bit different. The ProHoc, that was the ProHoc v. J. There was an issue with a lawyer having issues about the order or having an effect on his future practice or something like that, but the argument was that that lawyer still had a right to challenge that order to basically to clear his name, and the Tur court completely distinguished that situation from our situation, and here we have this terrible order from the Western District of Washington that I guarantee you will be cited elsewhere that we need to be able to challenge, and if it turns out that vacating that decision is the right course of action, which I'll argue it's not, and again that's something that we would want to brief, it's still a live issue for that reason. So it's possible that your response to the motion could be the motion should be denied, but in the alternative you should vacate the district court judgment if you don't simply straight out deny the motion? Our position is that it should be reversed. I mean the motion to dismiss, your response to the motion to dismiss, that your response to the motion to dismiss could be the motion should be denied, but if it's not denied at the very least the district court order should be vacated. I think that's possible. Obviously we're going to want to do some analysis over the next 10 days, but we may well decide to argue that, and that's an argument we might make, but all of this underscores that this is a live dispute, and there's no mootness here. You want to save time for rebuttal? Yes, I would. So are we just arguing the motion and not the merits today? It appears so. Okay. Thank you, Your Honors. Matt Wessler for Teresa Titus. I want to apologize for the Court about the last-minute nature of the motion to dismiss and the voluntary dismissal, but it reflects what has been happening over the last month in this case, which is that the parties have been actively engaged in settlement negotiations, and it wasn't until this week that several of the parties reached a resolution that necessitated the filings yesterday. I also want to make clear that I absolutely agree with my opposing counsel here that they should be allowed an opportunity. I would request the Court to allow them an opportunity, of course, to respond to the motion because it was filed yesterday, and we are also in the middle of doing additional research, and to the extent this Court believes there should be additional briefing, we would, of course, file anything that would assist the Court in attempting to ascertain what the right outcome is here. Those are the first two things. The third point I think I just want to make is that as I've looked around and tried to figure out what approach is best, I do think Vacator is in all likelihood the right outcome here. You know, the Supreme Court's decision in Munsingware and then its later decision in Bancorp I think have clarified that where dismissal is not a product of the appellant's conduct, so it's where the appellee has taken some conduct that moots a case, that Vacator is probably the correct remedy for the consequence of mootness for precisely the reason that you heard my colleague identify, which is that there is this lower court decision, and I agree that a prevailing party shouldn't be allowed to manipulate appellate review to preserve a lower court decision in their favor. That isn't what's happening here, and so if this Court looks at it, we would, I think, entirely be willing to accept what I think is the appropriate remedy, which is for this Court to vacate the lower court's decision. But what's the effect of the District Court's stay order? Were you nevertheless entitled to file under Rule 41? As far as I can tell, and this doesn't come up that often, Your Honor, there is no bar to filing a Rule 41 voluntary dismissal, even if there's a stay in place, and I think that this Court on several occasions has explained why, and it's because the act of filing the Rule 41 voluntary dismissal notice itself closes the file. There's no court order that's required. That's built into the rule itself, and so it doesn't matter what has happened or what is going to continue to happen in the District Court. The filing of the voluntary dismissal notice itself is the act that dismisses the case, and here, of course, as Your Honors have noted, the dismissal was filed with prejudice. So there is no way at all that Ms. Titus, the client in this case, can pursue any of her claims again against any of the defendants. Well, counsel, I don't know what the stay order says. I haven't read the stay order, so I don't know what the stay order prohibits people from doing or not. I mean, does it say the case has stayed? Does it say nobody can file anything? What exactly does it say? I don't know off the top of my head, and we can certainly lodge it with the Court so the Court can understand, but my recollection is that it just stays the case pending the appeal. I don't think it contains any specific language prohibiting any additional filing or anything more than just a kind of generic one or two-sentence comment that the case has been stayed. You know, this has come up in other contexts, although it's rare that you would find many cases where an interlocutory appeal of this nature reaches an appellate court before the filing of an answer or a motion for summary judgment where the plaintiff is the prevailing party, if only because, for instance, a denial of a motion to dismiss doesn't qualify as a sufficient right to appeal unless there is some extraordinary reason. And so as we've tried to look into it over the last 24 hours, we just haven't been able to find too many examples of cases that reach the Court in a posture like this where Rule 41 has been filed. But there are enough, I think, out there, including within this circuit, that establish the basic proposition that the plaintiff is the master of his or her complaint and can file this notice of voluntary dismissal so long as the specific requirements have been met. Having said that, Your Honor, I think what we have done here was tried to provide the Court multiple ways to get to the same result by filing a motion to dismiss the appeal as moot in this Court, which I think operates of its own effect and force. And so regardless of what specific significance the Rule 41 voluntary dismissal notice might have, this Court, I think, could grant the motion before it, either, as Your Honor suggested, grant it or deny it, but order the lower court decision to be vacated. But either way, this Court certainly has that authority when and if a case reaches it at some point and becomes moot. And I think we are at that stage in this case because the plaintiff here has settled her claims, has released all of the defendants, and has dismissed the case with prejudice. There just is no live controversy left. There's no adversity. And so as a matter of basic Article III case and controversy requirements, there's just nothing before the Court to resolve. Does opposing counsel have the settlement and release agreement? Opposing counsel, I believe, does not have the specific settlement language or the actual finalized document, which I think was executed yesterday. We would, of course, I think be happy to provide it to him so they can evaluate it. But our representations to this Court and to him are clear, I think, which is that his client has been fully released under this settlement. Released by whom? Released by the plaintiff in this case, Ms. Titus. This was a putative class action. Does that complicate things? Not at this stage, Your Honor. Right now, all that is live in this case, I mean, we're not even into the case at all beyond just the preliminary motion. So it is her case in her individual capacity, and it is she who is settling her claims and releasing the defendants. And that's all that's before this Court and all that this case is at this stage. So somebody else who would be within the putative class would be free to bring the claims? Well, there are other cases out there pending against this defendant, to be sure, not in this district and not by Ms. Titus. But Ms. Titus herself has relinquished that right, and that is what makes this case no longer a live case. Her claims are gone. They're out. And this defendant has no fear or concern that they will be brought back up at all in this case or any other. That does raise a concern about pick and choose, doesn't it? I mean, gee, we don't like the way this case is shaping up, so we'll get rid of this plaintiff who's really not a big player anyway, and we'll go and proceed in the name of another plaintiff. Why shouldn't we be concerned about that? I don't deny, Your Honor, that it could be a concern under certain circumstances, but this decision in this case is being driven by the client who has, of course, a unilateral right to make a decision about it. Now, wait a minute. You just told me there are these negotiations going on with lots of people. Somehow I don't think Ms. Titus decided yesterday morning or maybe the day before, you know, I don't want to be in a lawsuit anymore. Let's drop the case. So don't suggest that it's driven by the concerns of an individual client. That just doesn't ring true. Well, I don't agree with that, Your Honor. This client has particular interests that are driving her decisions about what reflects her best interests, and the reason she agreed to enter into this settlement was because in her judgment that is what was best for her. Now, whether there are other cases out there that will move forward or not doesn't affect at all what Ms. Titus can or can't do in her case, and she made a decision and two of the three defendants agreed to resolve her claims in the way that satisfied all of them, and I think for the Court's purposes at this stage, that's all that's required to moot out the case. Now, the concern I think you're identifying, which I don't disagree is a legitimate concern, is addressed by the remedy that I think is available when a situation like this arises, and that is to prevent any plaintiff from avoiding, from attempting to take the benefit of prevailing down below and insulating, as my colleague said, this Court from reviewing that decision. But the solution to that problem is vaca tor, and that is what the Supreme Court in Munsing were made clear. That's the price that one pays for being in this situation and agreeing to settle the claims and move forward and release all the defendants from liability. So there will be no benefit at all from having done this, and that lower court decision, assuming this Court agrees to vacate it, will be struck and it won't contain, it will not be cited by anyone because it won't exist anymore. And I think that's unfortunate. I mean, I'm here. We were prepared to defend this case, but that's not necessarily all there is going on here. And the part that concerns me is that you may have approached this case, and you now know who's on the panel. You may have decided, you know, this really isn't the panel I want this issue to be presented to, so let's dump Ms. Titus's claim, and the next time maybe we're going to get somebody we think is more likely to rule in our favor. Why shouldn't we identify this as the worst form of judge shopping? Well, Your Honor, I have a responsibility first and foremost to my client, and it is the client who has made this decision to settle the case. You know, I hear your words, but I used to practice law. I practiced in this field. I have some sense of what really drives the engine. And it may be that Ms. Titus has decided, you know, for me this just doesn't make sense to pursue. But there's no indication to us that this is the only case being dismissed. In fact, there's every indication. There are negotiations going on all over the country with mediation and so on and so forth. So that dog really doesn't hunt with me, that it's just driven by Ms. Titus. I don't believe that. I'm sensitive to the concern, Your Honor, but I can only represent to you today what I know to be true, and it is that she is the one who made the decision. That is my first obligation. Oh, you were kicking and screaming all the way? I mean, regardless of the – Were you? Regardless of – Did you object to her decision? Did you tell her this is a mistake? Your Honor – We've got a great argument here. We want to argue it in front of this panel? Regardless of my – I take it the answer to that question is no. Regardless of my personal view about the outcome of this appeal on the merits, it is her decision whether to settle the case, and she made that decision. And we find ourselves – over the objection of counsel. Your Honor – We've really got to respect Ms. Titus' views here because she's the only one that counts? Really? I believe so, Your Honor, and that is precisely why other courts that have found themselves in similar – Can you tell me anything to abate my concern about Judge Schoeping? I can – all I can tell you is that you – if you think the lower – if – we don't know this court's view on the ultimate merits of the question. But the decision in all likelihood will be vacated, which is exactly what the defendant in this case wants. No, the defendant in this case wanted something more, because the defendant was probably kind of happy the way the case was shaping up, hoping that it would get a decision from the Ninth Circuit that it could take elsewhere. That's not a concrete interest in the way that Article III understands it. I'm not arguing with that. I'm asking you for you to abate my concern about Judge Schoeping, and so far nothing you've said has done that. It may be, indeed it probably is, the law drives to a result, but it is what it is. It is what it is, Your Honor. All I can tell you is that assuming this court – and again, we're still in the middle of research and we'll get a briefing from it, but I believe vocator is the appropriate remedy when a case becomes moot in this posture. The lower court decision will be struck from the record, and I think that is the outcome that when the Supreme Court in Munsingware looked at this issue, it said that's the appropriate remedy. Now, you could – But part of the concern I think that Judge Clifton is expressing is the timing of these actions, so that's something you might want to consider. In fact, it hasn't been my experience that where oral argument is scheduled, within the eve of oral argument, there's a dismissal of this nature. So that, of course, raises some concerns. I'm sensitive to the concerns, Your Honor. Of course, from my perspective, before argument is better than after argument. We do not know where the panel is, and I think where we ended up at the end of the day yesterday was the product of a four-week-long process with a mediator to get to a point where we were able to reach a resolution that was satisfactory to both sides. I am sensitive to the potential optics of the way it looks, but I also would just emphasize that we don't know at the time we reached the settlement, at the time the motion to dismiss was filed, where this panel was on this issue and what the outcome was like. In fact, I think that uncertainty probably pushed the parties to a point of resolution. I take it it's also your position that, given your view of the way Rule 41 works and the fact that there was no answer or summary judgment motion filed, that you could have done this same thing even after argument. As I read the rule, I think that's right. I don't see anything in the rule that would preclude a plaintiff, who is the master of the complaint, from making that decision. And I think our effort to do it before was, in many ways, to show that this is not an effort to manipulate the game. It is, instead, an effort to reach a resolution that is in the best interest of our client. And having done that, there is nothing in front of this Court to actually review. And I think that is where we are. And, of course, I hope the Court will allow all the parties to fully brief it before making a decision. Thank you. Thank you. Okay. So I have less than two minutes left, so I will try to be very brief. Well, I have no choice but to be very brief. So let me just finish reading from the Erie case, which I think is particularly important given Judge Clifton's comments. The Court, in addition to finding that courts have an interest in preventing litigants from attempting to manipulate the Court's jurisdiction to insulate a favorable decision from review, also said that that counsels against a finding of mootness. And clearly that's the situation here. I indicated I wanted to talk about the Campbell-Ewald case a bit. The Supreme Court decision was decided very narrowly. But if you look at the earlier decisions that percolated up through the courts, I think the Ninth Circuit case, one of them I was involved in, was called either Chen or Pakleb. Allstate was my client in that case. The defendants, for a while, were trying to do the reverse of what the plaintiffs have done here, which is to make an offer of judgment to a proposed class representative in an uncertified class action, offer to give them everything they could possibly get on an individual basis in a putative class action, all the damages you can get, injunctive relief, attorney's fees, whatever, and then took the position, and some courts agreed with this position, there was a split in the circuits that went up to the Supreme Court, that the cases moot, because the defendants essentially have surrendered and offered to give everything. And that's what they're doing here. They are saying, well, we give you everything you wanted, we gave you a complete release, like, you know, Teresa Titus can't sue again, as if that's really relevant to us. This isn't about Teresa Titus. This is about her counsel and all the cases that they're bringing against us on behalf of a whole bunch of different plaintiffs. And we look forward to taking Ms. Titus' deposition in connection with, you know, whatever happens in some of these other cases, because I don't believe what counsel said is one bit about her being the one who decided to take this course of action. All right. Well, to the extent we have this case, it's submitted, and we will confer and decide what next steps to take with respect to requesting supplemental briefing or the like. Do you want to submit or defer submission? Do you want to submit or defer submission? Or should we defer submission? Yes. No reason to have a clock starting to tick on this. My colleagues say to defer submission until we've completed our conference on this. Should we defer working on the opposition to the motion pending direction from the court as to the issues to be briefed, or should we go ahead and do that and understand that there may be additional issues to be briefed later? For now, and pending further direction from us, just proceed as you normally would to respond to the motion. Thank you very much. Thank you.
judges: Clifton, Ikuta, Bennett